SONIA STILLER, Appellant, v. GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator of the Bond and Mortgage Guarantee Company, Defendant, and TITLE GUARANTEE AND TRUST COMPANY, Respondent.— In an action at law to recover $10,100 and interest, based upon the rescission of two mortgage certificates purchased from respondent and guaranteed by Bond and Mortgage Guarantee Company, an order was made setting aside the verdict in favor of plaintiff and against defendant Title Guarantee and Trust Company, and dismissing the complaint as to it, and a judgment entered thereon. Judgment vacated and said order modified by striking therefrom the last paragraph, which provides for a dismissal of the complaint, and inserting a paragraph as follows: "Ordered that the verdict of the jury be and the same is hereby set aside and a new trial ordered." As so modified the order is unanimously affirmed, with costs to appellant to abide the event. The court erred in holding as a matter of law that plaintiff did not make a valid tender, but we are of the opinion that the determination of the jury in favor of the plaintiff was against the weight of the evidence. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

JOHN W. STILLWAGGON, JR., and Others, Appellants, v. THE CITY OF NEW YORK, Respondent.— Plaintiffs are 121 per diem employees of defendant, working as bridge painters, and they sue to recover back moneys deducted from their pay checks in 1934 on account of furloughs imposed by defendant under a statute authorizing such action as to each employee of defendant within the range of annual compensation received by plaintiffs. Each plaintiff alleged as a first cause of action that the statute did not apply to per diem employees, and alleged as a second cause of action that if the deductions were lawfully made, the financial position attained by the city in 1934 made the return of the deductions mandatory. At the trial the complaint was dismissed on the merits as to both causes of action. Judgment unanimously affirmed, with costs. Plaintiffs were clearly within the terms of the statute authorizing furloughs. In view of the pledging by the city of tax arrears for 1933 and earlier years against revenue bills, such arrears collected in 1934 could not be applied by the city, either legally or morally, to the financing of the budget for 1934. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

336 93RD STREET CORPORATION, Respondent, Appellant, v. EDWARD J. KINGSBURY and Others, Defendants, and VICTORIA HAKIM, Intervenor, Appellant, Respondent.— Order granting intervenor's motion for leave to intervene in the action, and denying said motion in so far as the moving party sought to vacate a previous order directing the payment to the plaintiff of a balance in the hands of the receiver, and in so far as the intervenor sought payment of said balance to herself, affirmed, in so far as appealed from, without costs. Order granting plaintiff's motion to resettle judgment of foreclosure and sale nunc pro tunc, and denying said motion in so far as the moving party sought to correct the referee's report of sale, affirmed, in so far as appealed from, without costs. No opinion. Hagarty, Johnston, Taylor and Close, JJ., concur; Carswell, J., not voting.